IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS L. RUTLEDGE, | ) | |
| | ) | |
| Plaintiff(s), | ) | No. C 07-4895 CRB (PR) |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| SANTA RITA JAIL DENTAL DEP'T, et al., | ) | (Doc # 2) |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Plaintiff, a prisoner at the Alameda County Jail, Santa Rita Facility, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that prison officials delayed giving him dental care. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and requests that the court excuse his obligation to exhaust available administrative remedies.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All

available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).

Nonexhaustion under § 1997e(a) is an affirmative defense which should be brought by defendant(s) in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

Here, plaintiff concedes he did not exhaust available administrative remedies before filing suit, but argues that the exhaustion requirement should be excused because he filed a government tort claim instead. This will not do. Section 1997e(a) requires that plaintiff exhaust the jail's administrative process, not state judicial remedies or some other state administrative process. Cf. Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999) (prisoner not required to comply with California Tort Claims Act and present his claims to State Board of Control in order to fulfill § 1997e(a)'s exhaustion requirement), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001). Plaintiff must file a prisoner grievance/appeal and exhaust the jail's administrative process in order to

comply with § 1997e(a).[1]

Accordingly, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The clerk shall enter judgment in accordance with this order and close the file.  No fee is due.

SO ORDERED.

DATED:  Oct. 10, 2007

CHARLES R. BREYER
United States District Judge

---

[1] Nor has plaintiff presented any extraordinary circumstances which might compel that he be excused from doing so. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)).

G:\PRO-SE\CRB\CR.07\Rutledge2.or1.wpd                    3